# EXHIBIT A

SUMMONS IN A CIVIL ACTION COURT OF COMMON PLEAS, CUYAHOGA COUNTY JUSTICE CENTER
CLEVELAND, OHIO 44113

| CASE NO. | | SUMMONS NO. |
|---|---|---|
| CV19909329 | D1 CM | 37472067 |

Rule 4 (B) Ohio

Rules of Civil Procedure

# SUMMONS

ERIN CANITIA PLAINTIFF
VS
NESTLE USA, INC. DEFENDANT

NESTLE USA, INC.
C/O CT CORPORATION SYSTEM
4400 EASTON COMMONS WAY, SUITE 125
COLUMBUS OH 43219

You have been named defendant in a sums complaint (copy attached hereto) filed in Cuyahoga County Court of Common Pleas, Cuyahoga County Justice Center, Cleveland, Ohio 44113, by the plaintiff named herein.

You are hereby summoned and required to answer the complaint within 28 days after service of this summons upon you, exclusive of the day of service.

Said answer is required to be served on:



Plantiff's Attorney

TRISHA M. BREEDLOVE
21215 DETROIT RD.

111B
ROCKY RIVER, OH 44116-0000

Said answer is required to be served on Plaintiff's Attorney (Address denoted by arrow at left.)

Your answer must also be filed with the court within 3 days after service of said answer on plaintiff's attorney.

If you fail to do so, judgment by default will be rendered against you for the relief demanded in the complaint.

Case has been assigned to Judge:

JOHN J RUSSO
Do not contact judge. Judge's name is given for attorney's reference only.




NAILAH K. BYRD
Clerk of the Court of Common Pleas

DATE SENT
Jan 9, 2019

By ____________________
Deputy

COMPLAINT FILED 01/09/2019



CMSN130




**NAILAH K. BYRD**
**CUYAHOGA COUNTY CLERK OF COURTS**
**1200 Ontario Street**
**Cleveland, Ohio 44113**

## Court of Common Pleas

**New Case Electronically Filed:**
**January 9, 2019 09:13**

By: TRISHA M. BREEDLOVE 0095852

Confirmation Nbr. 1593543

ERIN CANITIA

vs.

NESTLE USA, INC.

CV 19 909329

**Judge:** JOHN J. RUSSO

**Pages Filed:** 8

IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO

| | |
|---|---|
| ERIN CANITIA<br>5722 Pemberton Drive<br>Brookpark, Ohio 44142<br><br>Plaintiff,<br><br>v.<br><br>NESTLE USA, INC.<br>c/o CT Corporation System<br>4400 Easton Commons Way<br>Suite 125<br>Columbus, Ohio 43219<br><br>Defendant. | CASE NO.<br><br>JUDGE:<br><br>**COMPLAINT FOR DAMAGES AND REINSTATEMENT**<br><br>**(Jury demand endorsed herein)** |

Plaintiff, Erin Canitia ("Canitia"), by and through undersigned counsel, as her Complaint against Defendant, states and avers the following:

1. Canitia is a resident of the city of Brookpark, Cuyahoga county, state of Ohio.
2. Defendant Nestle USA, Inc. ("Nestle") is a Delaware corporation with its principal place of business in the city of Arlington, state of Virginia.
3. Nestle, at all times listed herein, had Plaintiff work at the office located at 30003 Bainbridge Road, city of Solon, Cuyahoga county, state of Ohio.
4. At all times herein, Canitia was acting in the course and scope of her employment.
5. All material events alleged in this Complaint occurred in Cuyahoga County.
6. Personal jurisdiction is proper over Defendant pursuant to Ohio R.C § 2307.382 (A)(1).
7. Venue is proper pursuant to Civ. R. 3(B)(2).
8. This Court is a court of general jurisdiction over the claims presented herein, including all subject matters of this Complaint.

**FACTS**

9. Canitia is a former employee of Nestle.





10. In or about January 2015, Canitia began working for Nestle as an Account Payment Coordinator.

11. Canitia worked on the Cisco accounts for Nestle.

12. On or about April 17, 2017, Canitia suffered from a collapsed lung ("April 17, 2017 Medical Emergency").

13. As a result of Canitia's April 17, 2017 Medical Emergency, she was required to be off of work from Nestle for 30 days.

14. Nestle approved this time off under FMLA leave.

15. While Canitia was out on FMLA, , Canitia's supervisor left Nestle and was replaced by Heather St. John.

16. On or about May 24, 2017, Canitia returned to work..

17. When Canitia returned to work, Canitia discovered that Nestle failed to maintain the Cisco accounts causing a backlog to Canitia's position ("Sisco Backlog").

18. In or about June, Canitia's condition worsened which caused her to utilize another week of FMLA leave.

19. When Canitia came back from FMLA leave, Canitia asked St. John for help with the Sisco Backlog.

20. In or about June 2017, St. John did not provide help to Canitia to help with the Sisco Backlog.

21. In or about August 2017, Canitia went to Lisa Ferrara, Customer Service Manager, and asked for help for the Sisco Backlog.

22. On or about September 19, 2017, Canitia was transferred to the Target accounts.

23. On or about September 19, 2017, after Canitia evaluated the Target accounts, determined that the previous employee in that position made it appear that the accounts were up to date, but were in fact severely backlogged ("Target Backlog").

24. In or about October 2017, Canitia informed Ferrero and St. John about the Target Backlog.

Electronically Filed 01/09/2019 09:13 / / CV 19 909329 / Confirmation Nbr. 1593543 / CLDLJ







25. Canitia asked for assistance with the Target Backlog from St. John and Ferrero, who refused to provide help.

26. On or about October 17, 2017, Canitia was placed on a PIP allegedly due to the Sisco Backlog and Target Backlog ("2017 Canitia PIP").

27. The PIP was a discriminatory act against Canitia.

28. The PIP was in retaliation for Canitia utilizing FMLA leave.

29. On or about November 6, 2017, Canitia had a meeting with Ferrero and Danielle Leyland, Human Resources, regarding St. John's treatment of Canitia.

30. In or about November 2017, Canitia had a meeting with St. John and Ferrara.

31. During the November 2017 meeting, Canitia stated that St. John had consistently been aggressive toward Canitia, treated Canitia differently than other employees, that Canitia never had issues with the approximately eight managers prior to St. John, and that Canitia felt that St. John was targeting her ever since she came back from FMLA leave.

32. Canitia's complaints during the November 2017 meeting constituted protected activity concerning complaints of discriminatory treatment by St. John.

33. Nestle did not investigate Canitia's complaints.

34. Nestle did not take any corrective action against St. John based on Canitia's complaints.

35. On December 28, 2017, Canitia had her final PIP check-in with St. John.

36. During the final check-in, it was shown that Canitia was meeting expectations.

37. Despite meeting expectations under the discriminatory PIP, on January 11, 2018, Canitia was terminated for failing to meet the PIP.

38. On or about January 11, 2018, Canitia was actually terminated in retaliation for using FMLA.





**COUNT I: RETALIATION IN VIOLATION OF R.C. § 4112.02(I)**

39. Canitia restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

40. Pursuant to R.C. §4112.02(I), it is an unlawful discriminatory practice "to discriminate in any manner against any other person because that person has opposed any unlawful discriminatory practice defined in this section or because that person has made a charge, testified, assisted, or participated in any manner in any investigation, proceeding, or hearing under sections 4112.01 to 4112.07 of the Revised Code."

41. After Nestle's discriminatory conduct against Canitia, including not assisting her with the backlogs as well as subjecting her to a discriminatory PIP, Canitia complained about discrimination.

42. Canitia complained about discriminatory conduct, specifically by St. John, during the November 2017 meeting.

43. Canitia's complaints during the November 2017 meeting constituted protected activity under R.C. § 4112.02(I).

44. After engaging in protected activity, Nestle retaliated against Canitia.

45. Nestle retaliated against Canitia by not investigating her complaints against St. John.

46. Nestle retaliated against Canitia by not taking any disciplinary action against St. John regarding her discriminatory conduct.

47. Nestle retaliated against Canitia by terminating her employment.

48. As a direct and proximate result of Defendant's wrongful conduct, Canitia is entitled to all damages provided for R.C. § 4112.051, including liquidated damages, costs, and reasonable attorney's fees.





**COUNT II: PERCEIVED DISABILITY DISCRIMINATION IN VIOLATION OF R.C. § 4112.02**

49. Canitia restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

50. During her employment Canitia suffered from a collapsed lung.

51. As a result of her condition, Nestle perceived Canitia to be disabled.

52. Canitia's medical conditions constituted physical impairments.

53. Alternatively, Nestle perceived that Canitia suffered from a physical impairment.

54. Nestle perceived that Canitia's medical conditions substantially impaired one or more of her major life activities including working.

55. Defendant treated Canitia differently than other similarly-situated employees based on her perceived disabling condition.

56. Throughout her employment, Canitia was fully competent to perform her essential job duties.

57. On or about January 11, 2018, Defendant terminated Canitia without just cause.

58. At all times material herein, similarly situated non-disabled employees were not terminated without just cause.

59. Defendant terminated Canitia based on her perceived disability.

60. Defendant violated Ohio Revised Code § 4112.01 *et seq.* by treating Canitia differently than other similarly situated employees based on her perceived disabilities.

61. Defendant violated Ohio Revised Code § 4112.01 *et seq.* by applying Defendant's policies in a disparate manner based on an employee's perceived medical conditions and/or disabilities.

62. Defendant violated Ohio Revised Code § 4112.01 *et seq.* by revoking reasonable accommodations provided to Canitia because she suffers from a perceived disability.

63. Defendant violated Ohio Revised Code § 4112.01 *et seq.* by failing to provide Canitia with a reasonable accommodation for her perceived disability.





64. Defendant violated Ohio Revised Code § 4112.01 *et seq.* by failing to engage in an interactive dialogue with Canitia regarding potential reasonable accommodations for her perceived disability.

65. Defendant violated Ohio Revised Code § 4112.01 *et seq.* by discriminating against and terminating Canitia based on her perceived disabilities.

66. As a direct and proximate result of Defendant's conduct, Canitia has suffered and will continue to suffer damages, including economic, emotional distress and physical sickness damages.

67. As a direct and proximate cause of Defendant's conduct, Canitia is entitled to all damages provided for in R.C. § 4112.051, including liquidated damages, costs and reasonable attorney's fees.

**COUNT III: RETALIATION IN VIOLATION OF THE FMLA**

68. Canitia restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

69. The FMLA permits covered employees extended time aware from work, to handle certain family or medical needs.

70. An employer is required to provide eligible employees with a maximum of twelve weeks of leave if the employer is a private business engaged in, or affecting, interstate commerce, that employed fifty or more employees in twenty or more weeks in the current or prior calendar year.

71. A covered employee must have worked for the employer at least twelve months, and at least 1,250 hours over the immediately preceding twelve months prior to the need for leave. The Family and Medical Leave Act of 1993.

72. Employers are prohibited from discriminating or otherwise retaliating against an employee for exercising her rights under the FMLA. FMLA § 2615.

73. Canitia worked at least twelve months with Nestle prior to her request for leave.





74. Canitia worked at least 1,250 hours prior in the immediately preceding twelve months prior to her request for leave.

75. Canitia utilized FMLA leave in April 2017 and June 2017.

76. Nestle terminated Canitia in retaliation for utilizing FMLA leave.

77. As a direct and proximate result of the Defendant's conduct, Canitia suffered and will continue to suffer damages, including economic, emotional distress and physical sickness damages.

78. As a direct and proximate result of Defendant's wrongful conduct, Canitia is entitled to all damages provided for in the FMLA, including liquidated damages, costs, and reasonable attorney's fees.

**DEMAND FOR RELIEF**

WHEREFORE, Plaintiff Erin Canitia respectfully requests that this Honorable Court grant the following relief:

(a) Issue an order requiring Defendant(s) to retroactively restore Plaintiff to one of the positions to which Plaintiff was entitled by virtue of Plaintiff's application and qualifications, and expunge Plaintiff's personnel file of all negative documentation;

(b) An award against Defendant for compensatory and monetary damages to compensate Plaintiff for physical injury, physical sickness, lost wages, emotional distress, and other consequential damages, in an amount in excess of $25,000 per claim to be proven at trial;

(c) An award of punitive damages against Defendant in an amount in excess of $25,000;

(d) An award of reasonable attorneys' fees and non-taxable costs for Plaintiff's claims as allowable under law;

(e) An award of the taxable costs of this action; and

(f) An award of such other relief as this Court may deem necessary and proper.

Respectfully submitted,

Fred M. Bean (0086756)
Trisha M. Breedlove (0095852)
**THE SPITZ LAW FIRM, LLC**
25200 Chagrin Boulevard, Suite 200
Beachwood, OH 44122
Phone: (216) 291-4744
Fax: (216) 291-5744
Email: trisha.breedlove@spitzlawfirm.com

*Attorneys For Plaintiff*

**JURY DEMAND**

Plaintiff Erin Canitia demands a trial by jury by the maximum number of jurors permitted.

Fred M. Bean (0086756)
Trisha M. Breedlove (0095852)



